UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MADHU GROVER,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-11730-mg |
| YANN GERON, as Chapter 7 Trustee of the Estate of MADHU GROVER,<br><br>Plaintiff,<br><br>- against -<br><br>ASMG CONSULTING LLC, MADHU GROVER, ASHNA SHAH GROVER, and MANISH SHAH,<br><br>Defendants. | Adv. Proc. No. 24−04051−mg |
| YANN GERON, as Chapter 7 Trustee of the Estate of MADHU GROVER,<br><br>Plaintiff,<br><br>- against -<br><br>MANISH GROVER,<br><br>Defendant. | Adv. Proc. No. 24−04050−mg |
| ASHNA SHAH GROVER,<br><br>Plaintiff,<br><br>- against -<br><br>YANN GERON, as Chapter 7 Trustee of the Estate of MADHU GROVER,<br><br>Defendant. | Adv. Proc. No. 26−01054−mg |

**ORDER, PURSUANT TO BANKRUPTCY RULE 9019, AUTHORIZING AND <u>APPROVING GLOBAL SETTLEMENT AGREEMENT</u>**

Upon the application, dated July 1, 2026 (the "Application"), of Yann Geron (the "Trustee"), chapter 7 trustee of the estate of Madhu Grover (the "Debtor), the above-captioned debtor, for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a global settlement agreement, dated July 1, 2026, a copy of which was annexed to the Application as Exhibit A (the "Settlement Agreement"), between the Trustee, on the one hand, and the Debtor, ASMG Consulting LLC ("ASMG"), Ashna Shah Grover ("Ms. Shah Grover"), Manish Shah ("Mr. Shah), and Manish Grover ("Mr. Grover" and together with the Debtor, ASMG, Ms. Shah Grover, and Mr. Shah, the "Settling Defendants"), on the other hand (collectively, the Trustee and the Settling Defendants are the "Parties"); and upon the Geron Declaration submitted in support of the Application; and it appearing that good and sufficient notice of the Application has been given and no other or further notice being necessary; and upon a hearing on the Application having been held before this Court on July 22, 2026 (the "Hearing"); and upon the record of the Hearing, which is incorporated herein by reference; and sufficient cause having been shown therefor; it is hereby

**ORDERED** that service of the notice of Application and the Hearing was good and sufficient, and no further notice thereof need be given; and it is further

**ORDERED** that the relief requested in the Application is granted to the extent provided herein; and it is further

**ORDERED** that the Settlement Agreement is approved; and it is further

**ORDERED** that the Parties are hereby authorized and directed to take such further actions as are necessary to consummate the terms of the Settlement Agreement; and it is further

**ORDERED** that, notwithstanding any provision of this Settlement Agreement or the Order approving it to the contrary, nothing herein shall be construed to impair, diminish, or

otherwise prejudice the rights of (a) any person or entity that is not a party to this Settlement Agreement, or (b) the Debtor, in each case, to commence, prosecute, defend, or otherwise assert any claim, cause of action, defense, or proceeding that is not expressly released pursuant to this Settlement Agreement.

**ORDERED** that, nothing in this Settlement Agreement or the Order approving it shall be construed to constitute an adjudication of the merits of any such claim, cause of action, defense, or proceeding, nor shall this Settlement Agreement or the Order approving it be construed to expand, diminish, or determine the availability of any claim, defense, remedy, or preclusion doctrine except as otherwise required by applicable law.

**ORDERED**, that this Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order.

**IT IS SO ORDERED.**

Dated: July 28, 2026
New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge